UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLAN H. APPLESTEIN and DIATOMITE CORPORATION OF AMERICA,<br><br>Plaintiffs,<br><br>-against-<br><br>HOWAD KLEINHENDLER and WACHTEL MISSRY LLP<br><br>Defendants. | **MEMORANDUM AND ORDER**<br><br>Case No. 1:20-CV-1454 (FB) (MMH) |

HOWAD KLEINHENDLER,

　　　　　　　Third-Party Plaintiff,

　　-against-

MARIAN HASTY, GAUTIER & HASTY, P.L., STEVEN DOHAN, and DOHAN CPA

　　　　　　　Third-Party Defendants.

*Appearances:*
*For the Third-Party Plaintiff*:
STEPHEN M. FARACI, SR.
MICHAEL H. BRADY
Whiteford, Taylor & Preston LLP.
2 James Center
1021 East Cary Street, Suite 1700
Richmond, VA 23219-4000

*For Third-Party Defendants Marian Hasty and Gautier & Hasty, P.L.*:
RICHARD M. JONES
Klein Park & Lowe, P.L.
9130 S. Dadeland Blvd., Ste. 2000
Miami, FL 33156

1

*For Third-Party Defendants Steven Dohan and Dohan CPA*:
BRIANA ALONGI
PETER J. LARKIN
RORY G. GREEBEL
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
1133 Westchester Avenue
White Plains, NY 10604

**BLOCK, Senior District Judge:**

This case stems from a December 2019 lawsuit filed in the Southern District of Florida by Allan H. Applestein and his company, Diatomite Corporation of America (collectively, "Applestein"), alleging legal malpractice, elder abuse, and related claims against Howard Kleinhendler ("Kleinhendler"), among other parties. On March 4, 2020, the presiding judge determined that the action was interrelated with a bankruptcy proceeding pending in this District and transferred the action to this Court under 28 U.S.C. § 1404.

In his answer, Kleinhendler made third-party claims for contribution against Applestein's accountant and another of his lawyers ("Third-Party Defendants"). Third-Party Defendants now individually move to dismiss those claims under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and, in the alternative, Rule 12(b)(6) for failure to state a claim on which relief can be

2

granted. For the reasons discussed here, the motions are granted on Rule 12(b)(6) grounds.

I

This case is one in a web of numerous actions arising from a soured business deal between Applestein, Kleinhendler, and various other parties. The facts and procedural history of this case and related matters are complex. They are summarized here only insofar as they relate to the instant motions to dismiss.

Applestein is a 90-year-old businessman who has been diagnosed with Alzheimer's disease. Kleinhendler was Applestein's longtime lawyer. Applestein's 2019 suit against Kleinhendler concerns Applestein's 2017 sale of real property ("Fones Cliffs") to Virginia True Corporation ("VTC"), a company Kleinhendler founded. In the original complaint, Applestein claims that Kleinhendler, despite knowing of Applestein's deteriorating mental state, structured the Fones Cliffs sale while legally representing Applestein in the transaction, without informing him of this conflict or procuring a waiver. VTC filed for bankruptcy in 2019. This suit was transferred to this Court from the Southern District of Florida under § 1404(a) on the basis that it was related to VTC's bankruptcy matter.

Third-Party Defendants include two sets of professionals who assisted Applestein in closing the Fones Cliffs deal: Steven Dohan and his firm Dohan CPA (collectively, "Dohan"), who served as Applestein's accountant, and Marian Hasty

3

and her law firm Gautier & Hasty, P.L. (collectively, "Hasty"), who allegedly represented Applestein in the transaction separately from Kleinhendler.

Kleinhendler claims that Hasty and Dohan committed common law and statutory fraud under Florida law by misadvising Applestein of the risks of the Fones Cliffs sale, entitling Kleinhendler to contribution for his potential liability for fraud. Specifically, he alleges that Hasty and Dohan misadvised Applestein that a separate agreement between the parties would adequately protect him from the fact that the seller-financed note for the property was unsecured. Kleinhendler also alleges that Hasty committed malpractice by failing to advise Applestein of these risks, making her liable to Kleinhendler for contribution to the malpractice claim against him.

The third-party complaint pleads both diversity jurisdiction and federal question jurisdiction under 28 U.S.C. § 1334(b). While the parties disagree as to § 1334(b) jurisdiction, it does not affect the outcome of the present motion.

## II

Presently before the Court are motions by Dohan and Hasty to dismiss the third-party complaint for lack of personal jurisdiction, or alternatively for failure to state a claim on which relief can be granted. The jurisdictional issue involves complex and unsettled areas of law. On the other hand, analysis under Rule 12(b)(6) is straightforward and dispositive. The Court therefore chooses to assume

4

personal jurisdiction in order to rule on the 12(b)(6) challenge. *See SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 346 (2d Cir. 2018) (Calabresi, J., concurring) (advising courts "to assume personal jurisdiction arguendo and direct a dismissal with prejudice for failure to state a claim . . . as a means of preventing waste of judicial resources" when faced with a complex personal jurisdiction issue and a readily determinable and dispositive 12(b)(6) question).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The parties offer three protracted, conflicting choice-of-law analyses in disputing whether New York or Florida substantive law governs the third-party claims. However, these are of no consequence for the 12(b)(6) analysis—Kleinhendler's fraud claim fails under federal pleading rules, while the outcome of his malpractice claim would be the same under New York and Florida law.

A.  **Contribution for Fraud**

Dohan and Hasty attack Kleinhendler's claim for contribution for fraud on the basis that it is not pleaded with particularity under Federal Rule of Civil Procedure 9(b). To survive a motion to dismiss, fraud claims must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016) (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

The third-party complaint alleges that "Third-Party Defendants falsely represented to Applestein and Diatomite that Diatomite did not need a deed of trust on the Seller-financed note and that [a separate agreement] would adequately protect" them. Third-Party Compl. at ¶ 65. It does not, however, identify any individual statements made by Dohan or Hasty or describe where and when they were made.

Kleinhendler argues that paragraphs 28-31 and 65 of the third-party complaint fill in these details. However, those portions detail only the date of a meeting in which the parties negotiated the Fones Cliffs deal. Third-Party Compl. at ¶ 28-31, 65. Nowhere does Kleinhendler allege that misrepresentations to Applestein took place at this meeting. The original complaint, which can be read

6

jointly with the third-party complaint, details no communications between Applestein and Dohan or Hasty. *See Bozsi Ltd. P'ship v. Lynott*, 676 F. Supp. 505, 515 (S.D.N.Y. 1987) (in determining compliance with Rule 9(b), "the third-party complaint may be read in conjunction with the original pleadings"). Kleinhendler's claim for contribution for fraud must therefore be dismissed.

B.     **Contribution for Legal Malpractice**

Hasty challenges Kleinhendler's claim for contribution for legal malpractice on the basis that prejudgment contribution claims are barred under Florida Law, and that the claim would be implausible under New York law if it were to apply. Regardless of which state's law is applied, Kleinhendler fails to state a claim.

Prejudgment contribution claims in tort actions are almost entirely precluded in Florida, a near bright line rule that Kleinhendler does not contest. *See Bel-Bel Int'l Corp. v. Barnett Bank of S. Fla., N.A.*, 158 B.R.252, 256-57 (S.D. Fla. 1993) ("under Florida law § 768.31(2)(c) and (g), there is no right of contribution for . . . breaches of trust or other fiduciary obligation"); *T & S Enterprises Handicap Accessibility, Inc. v. Wink Indus. Maint. & Repair, Inc.*, 11 So. 3d 411, 412 (Fla. Dist. Ct. App. 2009) (explaining that Fla. Stat. Ann. § 768.81 abolishes joint and several liability for negligence actions, and that "[i]n order to allocate any fault to a nonparty, a defendant must affirmatively plead this fault and prove it at trial")

7

(quoting Fla. Stat. Ann. § 768.81(3)(a) & (b)). Under Florida Law, Kleinhendler's contribution claim for malpractice would therefore fail as a matter of law.

Kleinhendler's malpractice claim also fails under New York law. "A cause of action for legal malpractice presents a question of law which can be decided on a motion to dismiss." *L. Prac. Mgmt. Consultants, LLC v. M & A Couns. & Fiduciaries, LLC*, 599 F. Supp. 2d 355, 358 (E.D.N.Y. 2009) (citing *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006)). "To prevail on a claim for legal malpractice in New York, a plaintiff must show: (1) that the attorney was negligent; (2) that the negligence was a proximate cause of the plaintiff's loss; and (3) proof of actual damages that were caused by the attorney's negligence." *Id.* (citing *Brooks v. Lewin*, 21 A.D.3d 731, 734, 800 N.Y.S.2d 695 (1st Dep't 2005)). "An attorney is negligent if he 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal community.'" *Id.* at 359 (quoting *McCoy v. Feinman*, 99 N.Y.2d 295, 301 (2002)).

Kleinhendler alleges Hasty was negligent by "either fail[ing] to advise [Applestein] of the risks with an unsecured note or was negligent in her advice to her client." Third-Party Compl. at ¶ 54. Elsewhere in the third-party complaint, however, he twice claims that Hasty *did* in fact advise Applestein of the very same risks. Third-Party Compl. at ¶ 31, 33. Aside from conclusory assertions concerning her representation of and malpractice toward Applestein, Kleinhendler pleads no

8

other facts to support his claim that Hasty negligently represented Applestein. His claim for contribution for legal malpractice must therefore be dismissed.

## III

For the foregoing reasons, the Third-Party Defendants' motions to dismiss are granted. The third-party complaint is dismissed with prejudice in its entirety.

**SO ORDERED.**

                                              _/S/ Frederic Block_____
                                              FREDERIC BLOCK
                                              Senior United States District Judge

Brooklyn, New York
September 23, 2022