UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
ANDREA BIVENS, as personal representative and executor of Allan H. Applestein, and DIATOMITE CORPORATION OF AMERICA, a Maryland corporation,

        Plaintiffs,

  -against-

HOWARD KLEINHENDLER, an individual, WACHTEL MISSRY LLP, a limited liability partnership, and DOES 1 through 5,

        Defendants.
--------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 20-CV-1454-FB-MMH

*Appearances:*

*For the Plaintiffs:*
THOMAS H. VIDAL
Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067

*For Defendant Kleinhendler:*
STEPHEN M. FARACI, SR.
Whiteford, Taylor & Preston L.L.P.
1021 East Cary Street, Suite 1700
Richmond, Virginia 23219

*For Defendant Wachtel Missry LLP:*
ALBERT A. CIARDI, III
Ciardi Ciardi & Astin
1905 Spruce Street
Philadelphia, Pennsylvania 19103

**BLOCK, Senior District Judge:**

      The Court has ordered a new trial on the issue of Defendant Wachtel Missry LLP's ("Wachtel's") vicarious liability for the torts of Defendant Howard

Kleinhendler. Its reasons for doing so are set forth in detail in *Applestein v. Kleinhendler*, 2025 WL 1284273 (E.D.N.Y. May 2, 2025).

To summarize: Because vicarious liability is joint and several, the Court's revised verdict form—which allowed the jury to apportion damages between Kleinhendler and Wachtel—was "an invitation to the jury to come up with an erroneous damage calculation." *Id.* at *2 (quoting *Rodick v. City of Schenectady*, 1 F.3d 1341, 1349 (2d Cir. 1993)). The resulting apportionment "was so contrary to basic concepts of respondeat superior that it would be a miscarriage of justice to let it stand." *Id.* at *4 (quoting *Shade v. Housing Auth. of the City of New Haven*, 251 F.3d 307, 313 (2d Cir. 2001)). Because "there is good reason to think that the jury based its vicarious liability determination, at least in part, on its ability to assign only a small portion of the resulting damages to Wachtel," the Court could not simply ignore the legally untenable apportionment and enter judgment in accordance with the jury's remaining findings. *Id.* at *5. Instead, it concluded that "[a] new trial on the issue [of Wachtel's vicarious liability] is the only way to remedy the error without speculation." *Id.*

Both Wachtel and Kleinhendler now move for reconsideration, arguing that the Court should have ordered a new trial on all issues. In the alternative, they ask the Court to certify its new trial order for an interlocutory appeal. The Court

addresses those motions in turn.

## MOTIONS FOR RECONSIDERATION

"It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Thus, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The defendants offer several matters that the Court purportedly overlooked in limiting the new trial to the issue of vicarious liability. In response, the plaintiffs principally argue that the Court should not have ordered a new trial at all.

The Court's prior order thoroughly explained why a new trial is necessary. It did not, however, specifically explain why the new trial should be limited to vicarious liability. It takes the opportunity to do so now.

Federal practice clearly permits a new trial "on all *or some* of the issues." Fed. R. Civ. P 59(a)(1) (emphasis added). Wachtel and Kleinhendler cite the venerable rule that, "[even w]here the practice permits a partial new trial, it may

3

not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931). Under that rule, which derives from the Seventh Amendment's proviso that "no fact tried by a jury shall be otherwise reexamined," a district court "must not divide issues between separate trials in such a way that the same issue is reexamined by different juries." *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995).

As the Court explained to the first jury, Wachtel is vicariously liable for Kleinhendler's misdeeds if (1) "Kleinhendler was a partner of Wachtel Missry LLP when he committed the alleged negligent or wrongful acts" and (2) "Kleinhendler was acting on behalf of and within the reasonable scope of the partnership business." Trial Tr. at 1219. Since Wachtel has conceded that "Mr. Kleinhendler was a partner at Wachtel Missry when all the things in this case happened," *id.* at 1163, only the second element will be presented to the new jury.

Wachtel's liability is, of course, *dependent* on Kleinhendler's in the sense that Wachtel cannot be vicariously liable for torts that Kleinhendler did not commit. But the first jury has already found that he is liable to the plaintiffs; nothing about its apportionment of damages suggests that it ignored or

4

misunderstood the law in that regard. The second jury will therefore simply take it as given that Kleinhendler is liable and decide whether he was acting "on behalf of and within the reasonable scope" of Wachtel's business. That is plainly a "district and separable issue" that will not require the second jury to reexamine any other issue resolved by the first.

As a result, the second jury can find Wachtel vicariously liable or not without in any way undermining the verdict against Kleinhendler. Wachtel posits that the second jury might find that "the firm is not vicariously liable because Kleinhendler was not acting as a lawyer in connection with the land sale," which "would be inconsistent with the jury's finding at the first trial that Kleinhendler was liable for legal malpractice—which requires the existence of an attorney-client relationship." Wachtel's Mem. of Law at 5. That outcome is not possible, however, because the second jury will have to accept the first jury's implicit finding that Kleinhendler was acting as Applestein's attorney in connection with the Fones Cliff deal, as well as Wachtel's explicit concession that Kleinhendler was a partner during that time. The only question it will answer is whether Kleinhendler was acting on Watchtel's behalf and in the reasonable scope of its business.

To be sure, the answer to that question may depend on the same *evidence*

5

presented at the first trial, which arguably demonstrated that the Fones Cliff deal was Kleinhendler's personal project. That is precisely what Wachtel argued to the first jury, *see* Trial Tr. at 1162-79, and it will be free to do so again. But the Seventh Amendment—and, by extension, *Gasoline Products*—"is concerned about factual conclusions, not evidence," and "[d]ifferent juries may examine overlapping evidence as long as they do not decide factual issues that are common to both trials and essential to the outcome." *Chevron Corp. v. Donziger*, 800 F. Supp. 2d 484, 495 n.56 (S.D.N.Y. 2011) (internal quotation marks omitted).

Wachtel's vicarious liability is also "distinct and separable" from the issue of damages. The Court is aware that a grossly excessive award may "leave[] the Court with no confidence in the integrity of the jury's verdict on liability." *Doe v. Waltzer*, 2024 WL 4216514, at *3 (E.D.N.Y. Sept. 17, 2024) (internal quotation marks omitted). Conversely, a small award "may well indicate that the jurors were not unanimous in their finding of [liability], and that the verdict represented a compromise on that issue." *Caskey v. Vill. of Wayland*, 375 F.2d 1004, 1010 (2d Cir. 1967). Here, however, it was the first jury's desire to apportion damages that led the Court to question its finding of vicarious liability; the size of the awards did not cause the Court any concern.

In that regard, Kleinhendler notes that the "[t]here was no separate finding of

6

total compensatory damages, only an erroneous apportionment to each." Kleinhendler's Mem. of Law at 7.   As the Court explained, however, the apportionment of $11,163,984.85 against Kleinhendler and $112,767.52 against Wachtel is—*within one cent*—99% and 1%, respectively, of the sum of the awards. That calculation is simply too precise to allow any other conclusion than that the first jury intended to allocate a total of $11,276,752.37 in compensatory damages. *Accord Aldrich v. Thomson McKinnon Sec., Inc.*, 756 F.2d 243, 248 (2d Cir. 1985) (concluding that a jury that had awarded $87,500 to each of two jointly and severally liable defendants "intended to award the sum of $175,000 in compensatory damages").

That Wachtel's vicarious liability is separate and district from the remaining issues decided in the first trial should be the end of the inquiry.   However, Wachtel further argues that a new trial on vicarious liability alone cannot "be had without injustice," *Gasoline Products*, 283 U.S. at 500, because it would "distort [the first] jury's intent and impose profound prejudice."   Wachtel's Mem. of Law at 4.   According to Wachtel, "[t]he first jury's obvious intent . . . was to let the firm off with little more than a 'tut tut.'"   *Id.*   It worries that the second jury, by contrast, "may well believe—particularly without consideration of Kleinhendler's primary liability—that it has no choice but to award the total amount of damages

7

against the firm." *Id.* at 5.

The nature of Wachtel's concern is not entirely clear. To the extent that Wachtel means to argue that the second jury is more likely to find it liable because it will be the only defendant, the Court will ensure that the second jury understands that Kleinhendler has been held financially responsible for his actions. But Wachtel is correct that it will be responsible for the entire award of compensatory damages *if* the second jury finds it vicariously liable. That is the nature of vicariously liability. Correcting the first jury's misimpression that the defendants' respective fault was a relevant consideration does not "distort" anything and imposes no prejudice, "profound" or otherwise.

## MOTIONS FOR CERTIFICATION

"[A]n order granting a new trial is interlocutory and not a final decision appealable under 28 U.S.C. § 1291." *Ortiz-Del Valle v. N.B.A.*, 190 F.3d 598, 599 (2d Cir. 1999). However, 28 U.S.C. § 1292(b) allows a district court to certify that it is "of the opinion that [a nonfinal] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The court of appeals may then, in its discretion, entertain the appeal. *See id.*

8

Although the Court is satisfied that its decision to order a new trial limited to vicarious liability is correct, an appeal is likely. Allowing the Second Circuit to review the case now might save the time and expense of a new trial (if the circuit court concludes that judgment should have been entered in accordance with the first jury's verdict) or at least avoid the need for a second retrial (if it concludes that a new trial on all issues is necessary).

Nevertheless, the Court declines to certify its order. "The question of law certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (internal quotation marks omitted). Certification should not be used "for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts." *Id.* at 372 (internal quotation marks omitted).

## CONCLUSION

The first jury's apportionment of damages has no legal basis. Nothing in the defendants' motions for reconsideration alters the Court's prior conclusion that a new trial limited to the issue of vicarious liability is the appropriate remedy. Although the circumstances of this case are somewhat novel, there is no pure

9

question of law warranting an immediate appeal.

Accordingly, all pending motions are denied. The parties shall appear on September 17, 2025, at 3:30 p.m. to schedule a date for the new trial.

**SO ORDERED.**

    \_\_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 24, 2025